CASE NO. 15-16626

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

MANUEL de JESUS ORTEGA MELENDRES,
*et al.*, Appellees-Plaintiffs

v.

JOSEPH M. ARPAIO, Sheriff of Maricopa County,
Arizona; *et al.*, Defendants

and

DENNIS L. MONTGOMERY, Appellant - Putative Intervenor

---

From the United States District Court
For the District of Arizona
The Honorable G. Murray Snow, Presiding
Case No. CV-07-2513

---

**<u>OPENING BRIEF OF APPELLANT ON APPEAL</u>**
**<u>SUPPLEMENTAL BRIEF CONSOLIDATED WITH NO. 15-16440</u>**
ORAL ARGUMENT REQUESTED

---

Larry Klayman, Esq.
FREEDOM WATCH, INC.
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

Attorney for Appellant - Putative Intervenor Dennis L. Montgomery

i

## **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ................................................. iv

CERTIFICATE AS TO NAMED PARTIES AND INTERESTED PARTIES .... iv

CERTIFICATE AS TO RELATED CASES ........................................... iv

SUPPLEMENTAL TABLE OF AUTHORITIES ................................................ iv

GLOSSARY ............................................................................ v

ISSUES PRESENTED.................................................................. 1

RULINGS UNDER REVIEW AND REVIEWABILITY ................................... 2

JURISDICTIONAL STATEMENT....................................................... 2

    A. Statutory basis of subject matter jurisdiction of the District Court ........ 2

    B. Basis for claiming that the order appealed from is appealable ............... 2

    C. Statutory basis of jurisdiction of the U.S. Court of Appeals
       for the Ninth Circuit ...................................................... 3

    D. Date of entry of the order appealed from ................................. 3

    E. Date of filing of the notice of appeal .................................... 3

    F. Statute or rule under which it is claimed the appeal is timely .............. 3

STATEMENT OF THE CASE.............................................................. 4

STATEMENT OF FACTS RELEVANT TO THE APPEAL ............................. 8

    A. ADDITIONAL FACTS SUBSEQUENT TO CONSOLIDATED
       APPEAL NO. 15-16440 ..................................................... 8

    B. PROCEEDINGS IN THE DISTRICT COURT ARE
       UNNECESSARY, THUS RENDERING APPELLANT
       IRRELEVANT AND ANY CONFLICT INSIGNIFICANT ................. 9

    C. PRIVATE PROPERTY, TRADE SECRETS, PRIVATE
       INFORMATION AND LEGAL RIGHTS HARMED ........................ 11

    D. PLAINTIFFS' EXHIBITS PROVE APPELLANT'S CASE
       THAT NO CONFLICT OF INTEREST EXISTS ................................. 13

STANDARD OF REVIEW................................................................14

ARGUMENT ......................................................................... 15

A. APPELLEES' EVIDENCE PROVES THE OPPOSITE OF
WHAT APPELLEES ARGUE .................................................................. 15

B. DISTRICT COURT ERRED DENYING MOTION OF
MONTGOMERY'S ATTORNEY TO BE ADMITTED
*PRO HAC VICE* TO CASE ................................................................... 16

C. MOTION TO INTERVENE DENIED ............................................. 18

D. JUDGE SNOW'S CONLICTS OF INTEREST
MANDATE RECUSAL .......................................................................... 18

CONCLUSION AND REQUEST FOR RELIEF ............................................... 19

CERTIFICATE OF COMPLIANCE ................................................................... 19

CERTIFICATE OF SERVICE ........................................................................... 19

## CORPORATE DISCLOSURE STATEMENT

The Appellant Dennis L. Montgomery, Putative Intervenor in the trial court below, is a natural person and is not an officer, director, or majority shareholder of any publicly traded corporation.

## CERTIFICATE AS TO NAMED PARTIES
## AND INTERESTED PARTIES

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

## CERTIFICATE AS TO RELATED CASES

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

## SUPPLEMENTAL TABLE OF AUTHORITIES

For this supplemental brief, Appellant incorporates by reference these details as set forth in his brief on the merits in the consolidated Appeal No. 15-16440, with the following additional authorities introduced here in this supplemental brief.

**Cases**

*Birt v. Montgomery*, 725 F.2d 587, 592 (11th Cir.) .................................................................... 17

*Birt v. Montgomery*, 725 F.2d 587, 592 (11th Cir.) (*en banc*), cert. denied, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984) ......................................................................... 17

*Dunton v. County of Suffolk*, 729 F.2d 903, 909 (2d Cir.1984), *amended* 748 F.2d 69 (2d Cir.1984) ........................................................................ 18

*Glasser v. U.S.*, 315 U.S. 60, 75, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942)................................. 18

*In re: Wilson Motor Credit*, 761 F.2d 270, 278-79 (6th Cir. 1985)............................................. 17

*Larry Klayman v. Barack Obama*, U.S. District Court for the District of Columbia, Case No. 1:13-cv-00851 ....................................................................... 12

*Melendres v. Arpaio*, Record No. 13-16285, U.S. Court of Appeals for the Ninth Circuit,

Opinion, April 15, 2015 ........................................................................................ 8

*Melendres v. Arpaio*, U.S. District Court for the District of Arizona ...................... 9, 14

*Nichols*, 841 F.2d at 1502 .................................................................................... 18

*Panzardi-Alvarez v. U.S.*, 879 F.2d 975, 980 (1st Cir. 1989) ................................ 17

*U.S. v. Cunningham*, 672 F.2d 1064, 1070 (2d Cir.1982) ..................................... 17

*U.S. v. Laura*, 607 F.2d 52, 56 (3d Cir.1979) ....................................................... 18

*U.S. v. Lillie*, 989 F.2d 1054, 1056 (9th Cir. 1993) ............................................... 17

*U.S. v. Nichols*, 841 F.2d 1485, 1502 (10th Cir.1988) ......................................... 17

*U.S. v. Wisniewski*, 478 F.2d 274, 285 (2d Cir.1973) ........................................... 17

*In re Wilson Motor Credit*, 761 F.2d 270, 278-79 (6th Cir. 1985) ........................ 17

**Rules**

Federal Rule of Appellate Procedures Rule  32 ...................................................... 19

Federal Rule of Civil Procedures Rule 11 .............................................................. 16

U.S. District Court for the District of Arizona Local Rule LRCiv 83.1(b)(2) .............. 7

Ninth Circuit Rule 32 ........................................................................................... 19

# <u>GLOSSARY</u>

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

## I.    ISSUES PRESENTED

The Appellant-Putative Intervenor Dennis L. Montgomery set forth Issues Presented A through F in his opening brief in the consolidated Appeal No. 15-16440, including the denial of his motion to intervene, and relies upon the information set forth therein.  In addition, within this Appeal No. 15-16626, the Appellant sets forth the following additional Issues Presented:

G.    The trial judge erred in denying Appellant's motion for admission of his attorney, Larry Klayman, *pro hac vice* because the instant case is not "substantially related" to Sheriff Joe Arpaio's lawsuit against President Barack Obama's executive amnesty for illegal aliens. A conflict of interest can only arise from an attorney's representation in two or more cases if they are "substantially related" so that clients' interests are adverse in ways actually *relevant*.

H.    The trial judge also erred in denying Appellant's motion for admission of Klayman *pro hac vice* by applying an erroneous rule of law – merely reciting that Klayman is involved in two different cases yet not conducting any analysis as to whether any actual conflict exists between representation in the two cases.

## II.    RULINGS UNDER REVIEW AND REVIEWABILITY

In addition to the Orders identified in Appellant-Putative Intervenor Montgomery's opening brief in the consolidated Appeal No. 15-16440, which addressed his motion to intervene, admission of his attorney Moseley *pro hac vice*, and motion for recusal of Judge Snow,  now Appellant appeals from the Orders of the U.S. District Court for the District of Arizona ("District Court") --

> 4.  Order denying application of attorney Larry Klayman delivered verbally from the bench in the Status Conference, Transcript, August 11, 2015, 11:14 - 15:16, ER1046-1050, along with denying Appellant's renewed motions to intervene and for the recusal of the Honorable G. Murray Snow.

All issues were preserved for appeal by the pleadings and are reviewable, as reflected in the status conference transcripts of July 20, 2015, and August 11, 2015.

## III.    JURISDICTIONAL STATEMENT

### A.    Statutory Basis of Subject Matter Jurisdiction in District Court

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

### B.    Basis for Claiming that the Order Appealed from is Appealable

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

**C.     Statutory Basis of Jurisdiction of the U.S. Court of Appeals**

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

**D.     Date of Entry of the Orders Appealed From**

a) Order of July 10, 2015 Denying Motion For Reconsideration, including denying admission of Appellant's attorney Moseley *pro hac vice*, Appellant's motion to intervene, motion for recusal of the presiding judge.

b) Order of May 14, 2015, denying Appellant's motion to intervene, application for admission *pro hac vice*, and motion for recusal of the presiding judge. *NOTE*: Denial of Pro Hac Vice Admission was *without prejudice*, allowing Moseley to apply again. He did. Therefore, the actual denial was on July 10, 2015.

c) Order of June 10, 2015 Denying Motion for Disqualification of Judge Snow

d) Order of August 11, 2015, delivered verbally, denying application of attorney Larry Klayman to be admitted *pro hac vice*.

**E.     Date of Filing of the Notice of Appeal.**

Appellant Montgomery filed his Notice of Appeal (Doc. # 1238) from the District Court's August 11, 2015, denial of Larry Klayman's application for admission *pro hac vice* on August 12, 2015. ER1108.

**F.     Statute or Rule Under Which it is Claimed the Appeal is Timely.**

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

## IV.   STATEMENT OF THE CASE

The Appellant-Putative Intervenor Dennis L. Montgomery has been attacked and harmed without any legitimate cause.  Acting out of malice and spite, the Plaintiffs-Appellees and the Honorable G. Murray Snow ("Judge Snow") have dragged the Appellant into the case on matters that are irrelevant to the topics they are now pursuing, which in turn long ago diverged very far from any legitimate issues in the original case.  Because of this irrelevance, there is no conflict of interest which can qualify to limit the Appellant's right to the choice of his attorney appearing *pro hac vice*.  The Appellant has a statutory right to intervene to protect property and rights.  And Judge Snow must be disqualified from this case.

Stacking red herring upon red herring, the Appellees, Plaintiffs below, and Judge Snow have violated this Court's order that this case must be limited to only the constitutional issues raised by the Plaintiffs'-Appellees' original 2007 complaint (alleged profiling in law enforcement and unauthorized detentions). This Court admonished Judge Snow on April 15, 2015, Opinion, Page 23, to stop critiquing, investigating, and monitoring the quality of MCSO management and internal affairs investigations.   Instead, violating this Court's orders, Judge Snow has turned his courtroom into a wide-ranging review and critique of Sheriff Joseph Arpaio ("Sheriff Arpaio")'s management, leaving the original Plaintiffs ignored.

As a result, Montgomery is being dragged into this case irrationally and without due process. The rationale for Appellant Montgomery's rights to be trampled is that the Plaintiffs-Appellees and Judge Snow think Sheriff Arpaio could have used MCSO's time better than by working with Montgomery:

> In addition to their tendency to suggest that previous testimony offered in this matter may have been untruthful, the Court wonders why, when the MCSO should have been spending their time, money, and resources in implementing its order, they were funding a confidential informant as well as three MCSO deputies or posse members to be in Seattle, Washington, and other places, accruing overtime, travel, and salary expenses, [1] as well as significant technology costs, attempting to construct some bogus conspiracy theory to discredit this Court. [2]

Transcript, Status Conference, May 14, 2015, 47:23-48:7, ER205-206.

As a result, Appellant Montgomery has been seriously prejudiced by the improper denials of his motions by the District Court. The Appellant is entitled to the lawyers of his choosing, including to admission of his attorneys *pro hac vice*. The District Court wrongly prevented the Appellant from defending property and his legal rights. The Appellant is ill, having suffered a severe brain aneurysm in 2014. He was deemed clinically dead on the operating table by the neurosurgeon

---

[1] Notably, the rationale for dragging Appellant Montgomery into this case and trampling his rights rests rather conspicuously on a false dichotomy, that the fourth largest Sheriff's office in the nation, serving 4 million residents, can only work on either one thing or the other, but can never work on two things at once.

[2] Unfortunately, Judge Snow has used some dramatic derogatory language about the questions raised, yet has studiously avoided denying any of the concerns that would lead a reasonable person to conclude that a judge should recuse himself.

in mid-2014.  As a result, he cannot appear *pro se*.  The Appellant has been rendered indigent and suffered the foreclosure of his home and cannot afford a paid attorney in Arizona without help from a public interest organization.

For the same reasons set forth in Appellant's consolidated brief in Appeal No. 15-16440, Appellant has a legal right to the admission of his attorney Larry Klayman to represent him in the case.  No conflict of interest exists to limit Appellant's right to the legal counsel of his choice including by *pro hac vice* appearance, no conflict of interest has been documented, and Appellant is legally entitled to the relief sought in his motion to intervene and motion for recusal of Judge Snow.   The District Court's denial of attorney Larry Klayman's application to appear *pro hac vice* after similarly denying attorney Jonathon Moseley's application to appear *pro hac vice* eliminates all doubt as to the error and indeed bias of the District Court's refusal to allow the Appellant to protect and vindicate his legal rights and property rights.

In addition to denying two (2) attorneys *pro hac vice*, Judge Snow also denied legal counsel to another witness, Michael Zullo.  Order, October 30, 2015, (Docket # 1506); Order, November 6, 2015, (Docket # 1527).  Judge Snow has routinely violated and trampled upon civil rights and privileges of witnesses and independent third parties.  *Id.*

Judge Snow is out of control and must be recused from the case to protect

the public confidence in, reputation of, and integrity of the judiciary. The Appellant's motion for disqualification or recusal of Judge Snow under 28 U.S.C. § 144 and/or 28 U.S.C. § 455 must be immediately implemented, referring the issue to a different federal judge for evaluation and action. It should be noted that the requirements of 28 U.S.C. § 455 and Canons of Conduct are not dependent upon the procedural status of any motion. A judge is required to recuse himself or herself when presented with these facts with or without a pending motion.

Now encompassed in this Appeal No. 15-16626, arising after the pleadings and events in Appeal No. 15-16440, the Appellant also filed his Application of Attorney for Admission to Practice *Pro Hac Vice* Pursuant to LRCiv 83.1(b)(2) by Larry Klayman on July 17, 2015, ER1187-1219, and also renewed the Appellant's motion for intervention and for recusal of Judge Snow.

Appellant's attorney Larry Klayman appeared at the July 20, 2015, status conference in the case and attempted to address the Court on the the Appellant's motions. ER1113-1186.

The Plaintiffs' in the District Court below filed their Plaintiffs' Opposition to Motion for Admission *Pro Hac Vice* of Larry Klayman, with Exhibits 1 and 2 attached, on July 28, 2015. (Docket # 1198). ER1220-1233.

The District Court denied the Appellant's motions from the bench, verbally, by order in the August 11, 2015, status conference, ER1036-1107, including the

7

application of Larry Klayman to appear *pro hac vice* and the Appellant's renewed motions to intervene and for recusal.

Thereupon, the Appellant appealed the District Court's August 11, 2015, order by his Notice of Appeal filed on August 12, 2015.[3]

## V.    STATEMENT OF FACTS RELEVANT TO THE APPEAL

### A.    ADDITIONAL FACTS SUBSEQUENT TO CONSOLIDATED APPEAL NO. 15-16440

Nearly all of the facts pertinent to this appeal are the same facts as already set forth previously in the Appellant's brief on the merits in the consolidated Appeal No. 15-16440.  Appellant incorporates the description of those facts by reference as if set forth herein in this supplemental brief.

This U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") previously chastised Judge Snow and vacated his use of monitors for matters, in particular the quality of the management of the Maricopa County Sheriff's Office ("MCSO"), that have --

> no bearing on the constitutional rights at stake here.   We therefore vacate these particular provisions and order the district court to tailor them so as to address only the constitutional violations at issue.  *See Milliken*, 433 U.S. at 282.

*Melendres v.  Arpaio*, Ninth Circuit, Opinion, April 15, 2015, page 23.

---

[3]    Judge Snow in the District Court below apparently did not issue a written order.   Because the Appellant and his counsel were not allowed to join the case, they were not able to present or request a written order for signature.

Attacking Montgomery clearly has "no bearing on the constitutional rights at stake here." *Id.* Nothing relating to Montgomery addresses "the constitutional violations at issue" in the *Melendres v. Arpaio* case. *Id.* Every aspect of Montgomery's involvement in this case is an exercise in clear defiance of the warnings of this Ninth Circuit by the District Court's Judge Snow.

Whereas this Court chastised Judge Snow for turning a civil rights case into an all-purpose critique of MCSO's management, the case has become almost nothing but. While the Appellees and Judge Snow spend tens of millions of dollars in the courtroom, they argue that MCSO might have spent $120,000 on implementing Judge Snow's injunction instead of on a wide variety of law enforcement projects.

### B. PROCEEDINGS IN THE DISTRICT COURT ARE UNNECESSARY, THUS RENDERING APPELLANT IRRELEVANT AND ANY CONFLICT INSIGNIFICANT

Judge Snow has already ordered the taxpayers of Maricopa County, Arizona, to pay approximately $4 million to the Plaintiffs' law firm Covington & Burling.[4] Judge Snow's brother-in-law, Keith Teel, is a partner in the Plaintiffs' law firm Covington & Burling. This conflict of interest is one of the reasons why Judge Snow is now required to recuse himself from presiding over the case.

Although the inherent conflict of interest of Judge Snow presiding over a

---

[4] *Arpaio , et al. v. U.S. District Court for the District of Arizona, et. al.*, Ninth Circuit, Case No. 15-72440, Page 28 (petition for writ of mandamus for recusal.)

high-profile case brought by his own brother-in-law's law firm was raised early in the case, (Docket # 541), it was never considered at that time in the later context now of Judge Snow ordering payments of millions of dollars from the County treasury to his brother-in-law's law firm. Keith Teel would surely benefit within the politics of the law firm from bringing home $4 million from Judge Snow regardless of whether Teel received any of that money himself as a partner sharing in net profits.

By spending over eight months litigating what MCSO and Sheriff Arpaio had already offered to stipulate to, Judge Snow has run up enormous legal bills for scores of lawyers. The pattern clearly indicates that Judge Snow will then ultimately order the taxpayers of Maricopa County to reimburse all those lawyers.

The Defendants below, including the MCSO and Sheriff Arpaio, offered to avoid all of the proceedings that have occurred throughout the year 2015 in the District Court below. MCSO and Sheriff Arpaio formally conceded that MCSO – which serves 4 million residents of Arizona – had not yet fully completed its implementation of the District Court's October 2, 2013, permanent injunction. The Defendants offered to accept responsibility, accept that the Defendants were in contempt by that failure, agree and wholeheartedly commit to full implementation

10

of Judge Snow's injunction, and accept an appropriate penalty. [5]

Yet Judge Snow insisted upon wasting tens of millions of dollars of funds that will ultimately be paid by Arizona taxpayers to hold hearings concerning what the Defendants already conceded in January 2015. Often holding more than one status hearing a week, in addition to formal evidentiary hearings and depositions, Judge Snow has regularly convened an estimated thirty (30) lawyers plus their clients for many dozens of days throughout 2015. *See,* "Appearances," Transcript, Status Conference, July 20, 2015, 2:1 – 5:15, ER1113-1117.

Ironically, Appellees and Judge Snow seek to second-guess MCSO's relatively minor time and expenditure working with Appellant Montgomery.

## C. PRIVATE PROPERTY, TRADE SECRETS, PRIVATE INFORMATION AND LEGAL RIGHTS HARMED

Montgomery seeks to intervene to protect his interests, and receive his rights of due process guaranteed by the Constitution to notice and an opportunity to be heard.[6] Property, trade secrets, work product, proprietary information, intellectual property, medical records protected by the Health Insurance Portability and Accountability Act, and data were seized in violation of his rights, contracts, and

---

[5]     Memorandum in Support of Sheriff Arpaio's Declaration of Compliance with Court Orders and Opposing the Imposition of a Criminal Contempt Referral, dated January 8, 2015. (Docket #841).

[6]     Motion for Reconsideration, May 19, 2015, 3-4 (Doc. # 1112); ER435-436; Transcript, July 20, 2015, pages 42:10 – 46:15; ER791-795; Transcript July 24, 2015, especially 9:27 - 10:20; 14:5 - 16:3; 18:11 - 20:15; 21:6 - 22:20; ER233-242.

privileges, and then re-distributed promiscuously to adverse attorneys and parties.

Montgomery is a complaining witness and whistleblower seeking to expose illegal activity in the government by unconstitutional surveillance of U.S. citizens more extensive and intrusive than the activities revealed by Edward Snowden.[7] Montgomery sought help from MCSO to report those violations within channels.

Montgomery states that the government "harvested" private data – far more extensive than telephonic metadata – of millions of people, including judges, politicians, and public officials, including Supreme Court Justice John Roberts.[8] Then, the MCSO "Cold Case Posse" also asked Montgomery to analyze President Barack Obama's birth certificate released in computer form for signs of forgery or digital alteration.

During this period, Montgomery suffered a massive stroke and was for a few minutes clinically dead on the neurosurgeon's operating table. That slowed the completion of his work.

However, Montgomery entrusted MCSO with his documents, property, and

---

[7]     Affidavit of Dennis Montgomery (Doc. # 1067-2), ER597, Exhibit 2 attached to Intervenor Dennis L. Montgomery's Motion to Disqualify Judge G. Murray Snow Under 28 U.S.C. § 144 Motion for Recusal, May 7, 2015 (Doc. # 1067); Transcript, April 24, 2015, 959; ER161.

[8]     Plaintiff's Motion for In Chambers and Ex Parte Interview of Witness Dennis Montgomery, *Larry Klayman v. Barack Obama*, U.S. District Court for the District of Columbia, Case No. 1:13-cv-00851, March 20, 210, (Doc. # 129); ER650 Bob Unruh, "2 Supreme Court Justices targeted by US Spies," World Net Daily, April 30, 2015, Accessible at http://www.wnd.com/2015/04/u-s-gathering-dirt-on-supreme-court-justices/

items under contractual obligations and an agreement that these items will be preserved as confidential.

Yet then Judge Snow ordered "all" documents and items relating to Montgomery indiscriminately seized [9] and re-distributed.[10]  Judge Snow stated in open court Montgomery's items might very well be entirely irrelevant to this case.[11]

### D.  PLAINTIFFS' EXHIBITS PROVE APPELLANT'S CASE THAT NO CONFLICT OF INTEREST EXISTS

Furthermore, the documents upon which the Plaintiffs rely as exhibits to their Opposition in fact prove them wrong, establish the clear right of the Appellant to admission of his chosen attorneys Larry Klayman and/or Jonathon Moseley *pro hac vice,* and demonstrate that the District Court erred.

The Plaintiffs attached to their Opposition to Motion for Admission *Pro Hac Vice* of Larry Klayman, ER 1220-1233, as their Exhibit 2, an email exchange.  The Plaintiffs lied to the District Court in their Opposition about the contents of that email exchange.  The email exchange refutes their attempts at opposing attorney Klayman's application *pro hac vice.*

---

[9]     Transcript, April 23, 2015, pages 656-660; ER695-699; Transcript, July 24, 2015; ER824;  Order, May 4, 2015; ER120.

[10]     Order, September 8, 2015, (Doc. # 1312); ER1; Transcript, July 20, 2015, pages 42:10 – 46:15; ER791-795; Transcript, July 24, 2015, 23:4-24:5 (Montgomery documents available to counsel); ER838-839.

[11]     Transcript, July 24, 2015, pages 14:5-23:24; ER831-838.

In the April 29, 2015, email exchange, ER1230-1233, Sheriff Arpaio and Larry Klayman completely agree that Klayman does not and will not represent Sheriff Arpaio in the *Melendres v. Arpaio* case in the District Court below.  On April 29, 2015, at 1:39 PM, Sheriff Arpaio (by MCSO official Amy Lake) writes to Larry Klayman by email:

> I am represented by Ms. Iafrate in the Melendres civilly. I am represented in that case for purposes of possible criminal content by Mel McDonald.  Your email indicates that you represent Mike Zullo and Dennis Montgomery.  That would, and does, create a conflict here in Arizona.  I want to be sure that you know that you do not represent me in this matter, here in Arizona.

In reply, on April 29, 2015, at 4:55 PM, Larry Klayman replied to Sheriff Arpaio by email:

> I agree good client and friend. It was never my intention to represent you, as you have Michelle Iafrate.  I just wanted to coordinate my representation of Montgomery and Zullo with her.  But she did not return my calls and this is frankly not professional and not in yours or anyone's best interests.  We should work together for the common good.

## VI.   STANDARD OF REVIEW

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

## VII.   ARGUMENT

For this supplemental brief, Appellant incorporates by reference the

arguments set forth in his brief on the merits in the consolidated Appeal No. 15-16440, but offers the following additional arguments:

### A. APPELLEES' EVIDENCE PROVES THE OPPOSITE OF WHAT APPELLEES ARGUE

Moreover, here, the Appellees' own exhibits offered as evidence remove all doubt: Attorneys Moseley and Klayman do not represent Sheriff Arpaio in this case nor in any matter in any court in Arizona.

By attaching the email exchange to their Opposition, ER1226-ER1233, Appellees have proven the opposite of what they intended. It is unmistakably clear from the April 29, 2015, email exchange that there is no basis for the Plaintiffs' assertion of a conflict of interest. Both Sheriff Arpaio and Larry Klayman explicitly agree in writing that Klayman does not represent Arpaio in this case or in any matter relating to this case nor in any other matter "in Arizona."

On the contrary, the parties and counsel meticulously and diligently clarified that Larry Klayman (and by extension Jonathon Moseley working with Klayman) does not represent Sheriff Arpaio in this case or in any matter in Arizona. The parties acted promptly and deliberately, with care and propriety, to ensure no ambiguity or uncertainty. The parties agreed in writing as to the lines of representation and the fact that Larry Klayman has nothing to do with Sheriff Arpaio's role in the case in the District Court below.

In writing, any possibility of a conflict of interest was soundly rejected as of April 29, 2015. This clarification was established *before* Appellant's attorney Moseley filed his application to appear *pro hac vice* on May 2, 2015, ER641-642, and long before Appellant's attorney Klayman filed his application to appear *pro hac vice* on July 17, 2015. ER1187-1219. Thus, no conflict of interest existed when Appellant's attorneys sought to be admitted *pro hac vice* in the case below.

Moreover, it is unmistakably clear that the Plaintiffs' attorneys knew before they filed their Opposition that their pleading was not well-grounded in fact as required by Federal Rule of Civil Procedures Rule 11. They attached exhibits which document the opposite of what they argue.

## B. DISTRICT COURT ERRED DENYING MOTION OF MONTGOMERY'S ATTORNEY TO BE ADMITTED *PRO HAC VICE* TO CASE

The District Court erred in denying the motion of Montgomery's attorney to appear *pro hac vice*. Montgomery has a right to choose attorneys whom he believes will be knowledgeable enough of his circumstances to represent him effectively and meaningfully, whom he can afford, and who will protect his rights on other topics that may be affected.

But here, especially, Montgomery would suffer unusual hardship. Montgomery is both indigent and medically disabled, perhaps terminally ill. He could not afford regular counsel. Also, the litigation is controversial and political,

16

so that it would be extremely difficult to find a local lawyer whose livelihood depends upon regularly appearing before Judge Snow to defend Montgomery against this rush to judgment.

A person is entitled to his choice of counsel, including an attorney appearing *pro hac vice*: "A defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted pro hac vice." *U.S. v. Lillie*, 989 F.2d 1054, 1056 (9th Cir. 1993); *see also Panzardi-Alvarez v. U.S.*, 879 F.2d 975, 980 (1st Cir. 1989), *cert. denied*, 493 U.S. 1082, 110 S. Ct. 1140, 107 L. Ed. 2d 1045 (1990) ("[A] decision denying a pro hac vice admission necessarily implicates constitutional concerns."). A person's right to retain counsel of his choice therefore represents " 'a right of constitutional dimension'" *U.S. v. Cunningham*, 672 F.2d 1064, 1070 (2d Cir.1982) (citing *U.S. v. Wisniewski*, 478 F.2d 274, 285 (2d Cir.1973)), the denial of which may rise to the level of a constitutional violation. *Birt v. Montgomery*, 725 F.2d 587, 592 (11th Cir.) (*en banc*), cert. denied, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984); *In re: Wilson Motor Credit*, 761 F.2d 270, 278-79 (6th Cir. 1985). The right to retain counsel of choice stems from one's right to decide what kind of case he wishes to present. *U.S. v. Nichols*, 841 F.2d 1485, 1502 (10th Cir.1988).

"Attorneys are not fungible" and often "the most important decision a defendant makes in shaping his defense is his selection of an attorney." *U.S. v.*

*Laura*, 607 F.2d 52, 56 (3d Cir.1979); *Nichols*, 841 F.2d at 1502; *Glasser v. U.S.*, 315 U.S. 60, 75, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942).

Simply reciting that Klayman represents Arpaio in an unrelated matter does not establish any conflict of interest. Disqualification applies "where serious conflict exists." *See Dunton v. County of Suffolk*, 729 F.2d 903, 909 (2d Cir.1984), *amended* 748 F.2d 69 (2d Cir.1984). *The proponent of disqualification must demonstrate the existence* of a conflict of interest which is "serious."

Mere differences of opinion – particularly when the trial judge compels one person against their will to speak ill of another – do not establish a conflict of interest within attorney-client representation. The law considers conflicting interests, not mere differences of opinion.

### C. MOTION TO INTERVENE DENIED

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

### D. JUDGE SNOW'S CONFLICTS OF INTEREST MANDATE RECUSAL

In this supplemental brief, Appellant Montgomery incorporates by reference these details set forth in his brief in the consolidated Appeal No. 15-16440.

## VIII. CONCLUSION AND REQUEST FOR RELIEF

This Court should order vacate and reverse Judge Snow's orders, grant

Montgomery's motion to intervene and the admission of his chosen attorney *pro*

*hac vice,* and grant the Appellant's motion ordering the recusal of Judge Snow.

Dated: November 20, 2015          Respectfully submitted,

            */s/ Larry Klayman*
            Larry Klayman, Esq.
            General Counsel
            Freedom Watch, Inc.
            D.C. Bar No. 334581
            2020 Pennsylvania Avenue N.W., Suite 345
            Washington, DC 20006
            Telephone: (310) 595-0800
            Email: leklayman@gmail.com

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the length limits set forth at Ninth

Circuit Rule 32, being no more than 30 pages long and approximately 4,190 words.

The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and the

type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared

in a proportionally spaced typeface using Microsoft Word in 14-point Times New

Roman style.

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2015, I electronically filed the
foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the
Ninth Circuit by using the Ninth Circuit's CM/ECF system, causing it to be served
upon the following counsel of record in the case through CM/ECF:

Stanley Young, Esq.
Andrew Carl Byrnes, Esq.
333 Twin Dolphin Road
Redwood Shores, CA 94065
syoung@cov.com
650-632-4700
Attorneys for Plaintiffs
(Service via Email)

Daniel Pochoda, Esq.
ACLU FOUNDATION OF ARIZONA
3707 N.  7th Street, Suite 235
Phoenix, AZ 85014
dpochoda@acluaz.org
602-650-1854
Attorney for Plaintiffs
(Service via Email)

Cecilia D.  Wang
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
cwang@aclu.org
415-343-0775
Attorney for Plaintiff Melendres
(Service via Email)

Thomas P.  Liddy, Esq.
CIVIL SERVICES DIVISION
MARICOPA COUNTY ATTORNEY'S OFFICE
222 North Central Avenue, Suite 1100
Phoenix, AZ 85005
liddyt@mcao.maricopa.gov
602-506-8541
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Michele M. Iafrate, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, AZ 85003
miafrate@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Deborah L. Garner, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, AZ 85003
dgarner@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Melvin McDonald
JONES SKELTON & HOCHULI, PLC
2901 N. Central Avenue, Suite 800
Phoenix, AZ 85012-2728
mmcdonald@jshfirm.com
602-263-1700
Attorney for Defendant Sheriff Joseph Arpaio
(Service via Email)

Andre Segura, Esq.
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Fl.
New York, NY 10004
asegura@aclu.org
212-549-2676
Attorney for Plaintiffs
(Service via Email)

Anne Lai
UCI School of Law
401 E. Peltason Drive. Suite 3500
Irvine, CA 92616
alai@law.uci.edu
949-824-9894
(Service via Email)

Jorge M. Castillo
MALDEF
634 S. Spring Street, 11th Fl.
Los Angeles, CA 90014
jcastillo@maldef.org
213-629-2512
Attorney for Plaintiffs
(Service via Email)

Richard K. Walker
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254-2236
rkw@azlawpartner.com
480-483-6336
Attorney for Defendant Maricopa County
(Service via Email)

/s/ *Larry Klayman*
Larry Klayman, Esq.
General Counsel
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Avenue N.W., Suite 345
Washington, DC 20006
Telephone: (310) 595-0800
Email: leklayman@gmail.com