CASE NOS. 15-16626 and 15-16440 (Consolidated)

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

MANUEL de JESUS ORTEGA MELENDRES,
*et al.*, Plaintiffs – Appellees,

v.

JOSEPH M. ARPAIO, Sheriff of Maricopa County,
Arizona; *et al.*, Defendants – Appellees,

and

DENNIS L. MONTGOMERY, Appellant - Putative Intervenor

---

From the United States District Court For the District of Arizona
The Honorable G. Murray Snow, Presiding
Case No. CV-07-2513

---

**Emergency Motion Under Circuit Rule 27-3**

MOTION FOR RECONSIDERATION AND REPLY OF APPELLANT
DENNIS MONTGOMERY UPON HIS RENEWED
REQUEST TO EXPEDITE APPEAL ON EMERGENCY BASIS
WITH INCORPORATED MEMORANDUM OF LAW

---

Larry Klayman, Esq.
FREEDOM WATCH, INC.
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

Attorney for Appellant - Putative Intervenor Dennis L. Montgomery

## I.  RENEWED REQUEST AND INTRODUCTION

Pursuant to 11th Cir. R. 27-2, Appellant - Putative Intervenor Dennis L. Montgomery hereby submits his motion for reconsideration and reply upon his renewed request for this honorable Court to expedite the briefing schedule for this appeal previously filed and order the admittance of his attorney *pro hac vice* and his motion to intervene so that he can defend himself and his property with legal counsel, and invoke the statutory protections of 28 U.S.C. § 144.

The Ninth Circuit panel's denial without comment, and indeed some precedents of the Ninth Circuit, are directly rejected and contradicted by binding precedents of the U.S. Supreme Court.

For example, in *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) decided the question concerning a *pro hac vice* application of a criminal defendant's out-of-state attorney: "We must decide whether a trial court's erroneous deprivation of a criminal defendant's choice of counsel entitles him to a reversal of his conviction."  The answer was yes, denial of a *pro hac vice* application was grounds for reversing and vacating the criminal conviction of Cuauhtemoc Gonzalez-Lopez in the Eastern District of Missouri.

Thus, any proceeding implicating Dennis Montgomery in any criminal proceeding – including any action starting on May 31, 2016 – is a violation of his due process rights and can and will prejudice any such action by the trial court and

require reversal and dismissal of any action taken against Dennis Montgomery.

This is a matter of extreme urgency. The Appellant previously filed in the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") an emergency motion to expedite briefing, argument, and decision and also an emergency motion to stay the proceedings in the District Court below. The Appellant also submitted a petition for mandamus for admission of his attorney *pro hac vice.*

The District Court judge below, the Honorable G. Murray Snow presiding, has now transformed the case into a criminal case, although the allegations of criminal contempt are groundless and in conflict with the evidence in the record.

In his May 13, 2016, Findings of Facts and Order Setting a Hearing for May 31, 2016, as on other occasions, Judge Snow explicitly accused the Appellant, without foundation, of potentially criminal acts. This involves using the Appellant as a bridge to be able to attempt to accuse officials of the Maricopa County Sheriff's Office ("MCSO") and Sheriff Joseph Arpaio ("Sheriff Arpaio") of criminal contempt or worse.

This is a ploy to use the Appellant as a pawn with which to attack Sheriff Arpaio, while preventing the Appellant from intervening in the case with the assistance of legal counsel. Judge Snow has made it clear at every stage that he had already decided – back in January 2015 – that he would initiate criminal proceedings against everyone possible.

This uncomplicated and straightforward appeal involving almost entirely pure questions of law has languished. Since the prior motions and since Appellees' answering brief and excerpt of the record were filed on January 21, 2016, no action has been taken by the Ninth Circuit.

Therefore, Appellant Montgomery requests that this Court order the District Court to enter the appearance of Appellant's counsel *pro hac vice,* accept Appellant's intervention and enforce statutory and rule-based recusal.

## II.   STATEMENT OF THE CASE AND  PROCEDURAL BACKGROUND

Judgment in this <u>*civil*</u> litigation was entered by a final order on October 2, 2013. The case is in a ***post-judgment*** phase of proceedings seeking to hold the Defendants below in contempt. The Appellant Dennis Montgomery was not a Defendant below nor involved in the case, but has now been wrongly accused in tangential, post-judgment proceedings of unfounded criminal allegations.

Having previously encouraged criminal prosecution of the Appellant Dennis Montgomery in pleadings in the court below, now the Appellees seek to downplay the danger against the Appellant which the Appellees concocted with their friends in the news media like *The Phoenix New Times*, and with Judge Snow.

In footnote 2 on page 9, of the Appellees' pleading in the District Court below, in their **Response in Opposition to Sheriff Arpaio and Chief Deputy Sheridan's Motion for Recusal or Disqualification of the Court,** June 12, 2015,

filed by the Appellees in *Melendres v. Arpaio* in the U.S. District Court for the

District of Arizona ("District Court"), Civil Action No. CV-07-2513-PHX-GMS,

the Appellees accused Dennis Montgomery of committing crimes and sought to

encourage his prosecution:

> Even more troubling, as the Court noted in a post-hearing status conference, the evidence indicates that ***Dennis Montgomery*** informed MCSO personnel—with Chief Deputy Sheridan's knowledge—that he was using a database of information "harvested by the CIA and confiscated by him" in his investigation, and also purported to be tracking telephone calls between the Court, the Attorney General, the Assistant Attorney General, and the U.S. Attorney for the District of Arizona. Tr. of May 14, 2015 at 44:22-45:2, 45:10-16; Wang Decl., Ex. C, F. ***This implicates possible violations of federal criminal laws by MCSO personnel in the course of the MCSO-Montgomery investigation.*** See, e.g., 18 U.S.C. §§ 793(b)-(f) (taking or communication of documents relating to national defense); 798 (disclosure of classified information); 1503 (intimidation of federal court and obstruction of justice); 1509 (obstruction of court orders); 1924 (unauthorized removal of classified information); 2511 (intercepting electronic communications); 2701 (unlawful access to stored communications).

(Emphasis added); *See* Exhibit 1, attached.

Like everything else in this case, the facts claimed are a mangled stew of

inattention, negligence, bias, unfounded assumptions, and confusion. The

description in the passages quoted above, indeed in every pleading admitted into

the court record, is completely false and absurdly distorted. But the intention to

embroil Dennis Montgomery in criminal prosecution as road kill on the way to destroying Sheriff Arpaio is unmistakable.

Yet now the Appellees tell this court that the Appellant faces no such danger, the very legal danger which they themselves stirred up.

In response to the Appellees' urgings, Judge Snow clearly signaled that the Appellant will be in legal jeopardy of criminal proceedings on May 31, 2016, and thereafter. In Judge Snow's findings of fact issued May 13, 2016, stating:

> 360. First, ***Mr. Montgomery committed a fraud on the MCSO.*** (Doc. 1417 at Tr. 1562-64; Doc. 1457 at Tr. 2455.) Having paid large sums of money to Montgomery for his investigations, ***the MCSO was a victim of that fraud.*** Disclosure could therefore bring embarrassment to Sheriff Arpaio and the MCSO.

Order, May 13, 2016, at page 64 (emphases added).

Moreover, Judge Snow confused discussion of many, totally-unrelated projects. Judge Snow further entered a finding of fact on page 64 of the Order:

> 362. Third, Sheriff Arpaio testified that the MCSO continued to engage Mr. Montgomery as a confidential source up through and including the time of the hearing, despite Arpaio's repudiation of the substance of Montgomery's reports, and ***despite the overwhelming evidence of Montgomery's fraud.***

*Id.* at pages 64-65 (emphasis added).

Judge Snow also entered a finding of fact:

> 373. ***The conspiracy was largely concocted by Mr. Montgomery***, but Sheriff Arpaio played a role in creating

> it. For example, Arpaio maintained a page of notes with
> three typewritten entries, which he acknowledges he may
> have typed in November 2013, and additional notes in his
> handwriting. (Doc. 1457 at Tr. 2303–04.)

*Id.* at page 67 (emphasis added).

Judge Snow made a finding of fact on Order, page 68 (emphasis added):

> 377. In early January 2015, the MCSO was representing
> to third parties that "[Dennis Montgomery] ***is continuing
> to work with the Sheriff's office at this time.***" (*See* Doc.
> 1558 at Tr. 4362.) Further, despite the analysis revealing
> that the hard drive data was invalid, Posseman Zullo
> stated that the MCSO was "unable to determine whether
> any evidence has been in fact manipulated by
> [M]ontgomery." (Ex. 2969A.) ***Sheriff Arpaio
> acknowledged that his people were still working with
> Mr. Montgomery in January 2015.*** (Doc. 1457 at 2387.)
> In fact, the MCSO kept the Montgomery investigation
> open throughout the hearing. (Doc. 1465 at Tr. 1307–09,
> 1335; *see also* Doc. 1457 at Tr. 2407, 2421–22; *see* Ex.
> 2858.)

Therefore, the Appellant is clearly at legal risk from the unfounded but real

accusations hurled against him.  The Appellant is an innocent bystander who needs

to have legal counsel immediately.   He has a Sixth Amendment right to counsel.

Furthermore, the Appellees' attempts here to downplay Appellant's legal

risk – after magnifying it in the District Court – are not binding in any way on any

decisions by Judge Snow.  The Appellees cannot close the door on Judge Snow

bringing criminal charges against the Appellant.  Therefore, the Appellees'

arguments are really immaterial.  The Appellees' arguments have no bearing on

whether the Appellant immediately needs legal counsel and legal defense in response to the District Court's planned actions on May 31, 2016, and following.

## III.  <u>ARGUMENT</u>

The Appellant Montgomery faces the prospect of actual, *bona fide*, imminent legal jeopardy without having the opportunity to have legal defense or legal counsel guaranteed by the Sixth Amendment in the proceedings scheduled for May 31, 2016. The Appellant is not a party to the case, but has nevertheless been threatened with criminal prosecution and his legal rights and privileges have been harmed and his intellectual property confiscated and abused.

The denial of an application for an attorney to be admitted *pro hac vice* is an appealable order as to the party denied his, her or its choice of counsel. The Appellant has standing to appeal the denial of his chosen attorney, facing imminent legal jeopardy without the representation of legal counsel.

Upon a notice of appeal of a collateral matter, such as denial of an attorney's admission *pro hac* vice, a district court may be divested of some – but not all of – its jurisdiction. "The general rule of divestiture of jurisdiction . . . does not apply to collateral matters not affecting the questions presented on appeal." *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999). "An issue is considered collateral when the issues being appealed are 'separate and distinct' from the issues being considered by the district court." *Carter v. Butts Cnty*, No.

5:12-CV-209 (LJA) (M.D. Ga. June 19, 2015) (quoting United *States v. Reed*, 404 F.Appx. 464, 465 (11th Cir. 2010)).

It is well-settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *See also U.S. v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) (a notice of appeal divests a district court of jurisdiction to consider matters involved in the appeal). "A 'final decision' is usually a final judgment or similar order 'by which a district court dissociates itself from a case.'" *In re: Hubbard*, 803 F.3d 1298, 1305 (11th Cir. 2015) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).

As a corollary, the District Court cannot hold jurisdiction of this case while several appeals are pending here in the Ninth Circuit. A stay of the proceedings below was explicitly requested, and should be ordered. The District Court should not be taking any action while the case is here in this Ninth Circuit.

In *Pacific Harbor v. Carnival Air Lines*, 210 F.3d 1112 (9th Cir. 1999), attorneys denied *pro hac vice* status appealed directly from their denial. Like this case, *Pacific Harbor* was in post-judgment proceedings for enforcement of the judgment (an unpaid lease on a plane). (In that case, the denial was as sanctions

for the non-compliance of the attorneys' clients with a temporary restraining order, beyond the attorneys' control. However, the attorneys were able to appeal directly.)

An interlocutory appeal is proper from the denial of admittance *pro hac vice* of an out-of-state attorney. *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553 (C.A.11 (Ala.), 1997).

Furthermore, to deny application *pro hac vice* a court must find evidence establishing grounds seriousness enough for actual disbarment. *Id.* That is, there is no special *pro hac vice* standard. There is no intermediate standard for denial of admission *pro hac vice.* If an attorney would be entitled to practice in the state as an in-state attorney, he may not be denied admittance *pro hac vice* as an out-of-state attorney.

Moreover, the standards to apply in considering *pro hac vice* admission are questions of law which are reviewed *de novo:*

> The district court's determination of the appropriate legal standard that governs this case and its interpretation of that standard is subject to de novo review. See *United States v. Mendoza-Cecelia*, 963 F.2d 1467, 1471 (11th Cir.1992). Within the framework of the legal standard governing the court's decision to deny *pro hac vice* admission, the parties disagree as to the standard of review applicable to the court's determinations. In cases involving attorney disqualifications, we have used two apparently inconsistent standards of review. See generally *Norton v. Tallahassee Mem'l Hosp.*, 700 F.2d 617, 618-20 (11th Cir.1983) ("Norton II ") ("[C]ourts

9

> have not always been careful to enunciate their reasons
> for exercising one type of review ...--traditional review of
> factual findings and legal conclusions or review of abuse
> of discretion....").  In Norton II, we held that the district
> court's factual determinations are reviewed under the
> clearly erroneous standard, but that the court's
> "appl[ication of] the standards of the Code of
> Professional Responsibility to questions of attorney
> disqualification warrant full appellate review to ensure
> that there is consistency of treatment."  Id. at 619-20.
> On other occasions, we have reviewed a district court's
> decision to revoke an attorney's admission pro hac vice
> for an abuse of discretion.  See *United States v. Dinitz*,
> 538 F.2d 1214, 1219 (5th Cir.1976) (en banc);
> *Nationalist Movement v. City of Cumming*, 913 F.2d 885,
> 895 (11th Cir.1990), *aff'd sub nom. on other grounds*,
> *Forsyth County v. Nationalist Movement*, 505 U.S. 123,
> 112 S.Ct. 2395,  120 L.Ed.2d 101 (1992).

*Schlumberger Technologies*, 113 F.3d at 1558.

Although involving mandamus, not an appeal, one case shows how slender

the basis can be to justify appellate action.  In *United States v. U.S. Dist. Court for*

*the Dist. of Nev.* (In re United States) (9th Cir., June 29, 2015), Appeal No. 14-

70486, the Ninth Circuit found the denial of admittance *pro hac vice* of out-of-state

attorneys to be grounds to support a petition for mandamus, *even after* the judge in

the U.S. District Court for the District of Nevada had voluntarily changed his

position *and agreed to admit the attorneys pro hac vice*.  Not only was denial of

admittance *pro hac vice* sufficient grounds for appellate action, but the mere

possibility of reoccurrence provided standing and sufficient grounds.

The Appellant previously filed a petition for mandamus here in this Court,

Dennis Montgomery v. U.S. District Court for the District of Arizona (Phoenix Division), Case No. 15-71433, May 11, 2015. This Court effectively indicated that an appeal such as this one would be the proper approach instead of mandamus.

Events in the District Court created the need for and circumstances of Appellant's intervention efforts. This is not a case where a person believes he might have a reason to participate. As set forth in the record, this is a case in which Judge Snow and the Appellees attacked the Appellant on their own initiative, and went very far out of their way to attack him, straying an extraordinary distance from any relevant issue in the case below to wrongfully drag Appellant Montgomery into the case, but deny him a voice and the right to defend himself pursuant to due process of law.

The Appellant Dennis Montgomery has a right to counsel under the Sixth Amendment, including in the now-scheduled May 31, 2016 hearing, at which severe legal harm to the Appellant's legal rights – those complained of here in this appeal – will continue to be repeated, magnified, and continued. Every day that this out of control situation continues our client continues to be harmed.

A non-indigent criminal defendant's Sixth Amendment rights encompass the right to be represented by the attorney selected by the defendant. *Wheat v. United States*, 486 U.S. 153, 159, 100 L. Ed. 2d 140, 108 S. Ct. 1692 (1988); *Powell v. Alabama*, 287 U.S. 45, 53, 77 L. Ed. 158, 53 S. Ct. 55 (1932)

"It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama,* 287 U.S. at 53.

"A defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted pro hac vice." *United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir.1993) (citation omitted), overruled on other grounds by *United States v. Garrett*, 179 F.3d 1143 (9th Cir.1999).

"[A] decision denying a pro hac vice admission necessarily implicates constitutional concerns." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 980 (1st Cir.1989).

In *United States v. Walters,* 309 F.3d 589, 592 (9th Cir. Cal. 2002), even though a *pro hac vice* attorney there may have properly been denied due to the fact that he resided and had an office in California, yet in a criminal context, the denial was improper because "the district court applied the local rule mechanistically, without discussion of whether the interest of the fair, efficient, and orderly administration of justice required denial of the application." *Id.*

In *United States v. Gonzalez-Lopez*, 399 F.3d 924, 932 (8th Cir. Mo. 2005), the Court vacated the conviction against the defendant because the trial court had improperly denied the *pro hac vice* application of defendants' counsel of choice by relying on improper evidence.

Moreover, pursuant to 28 U.S.C. § 144, Judge Snow was obligated to suspend all activity in the case and allow a different federal judge to examine and decide the question of the *prima facie* case of a conflict of interest in violation of ethics rules.

The Appellant's affidavit compelled Judge Snow to "proceed no further" in the case" and requires "another judge shall be assigned to hear such proceeding," without subjective analysis or discretion under 28 U.S.C. § 144:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists…."

Judge Snow's wife announced voluntarily and unsolicited to a childhood friend that her husband, Judge Snow, hated Sheriff Arpaio and would do anything to get Arpaio out of office. In context, Judge Snow's wife announced how her husband, Judge Snow, was presiding over the *Melendres* trial against Sheriff Arpaio, and claimed that Judge Snow would use the lawsuit to destroy Sheriff Arpaio. Neither Judge Snow nor his wife have ever denied any of this nor attempt to explain it.

A judge's impartiality "might reasonably be questioned" by the public where the judge's wife volunteers that the judge hates the defendant and will do

anything to remove him from office [1] – and neither the judge nor his wife have denied it, sought to explain the admission, nor apologized.

Moreover, Judge Snow has "personal knowledge of disputed evidentiary facts concerning the proceeding." Judge Snow will have or already does have a private explanation from his own wife of these disputed facts and events.

And Judge Snow ordered $4 million of taxpayer funds paid to Covington & Burling where his brother-in-law is a partner.[2] The public would reasonably question a judge's impartiality after ordering $4 million paid to the law firm.

## IV. **CONCLUSION**

Therefore, Appellant-Putative Intervenor Dennis Montgomery respectfully requests that the Ninth Circuit needs to immediately set oral argument on an expedited basis, rule immediately on the Appellant's uncomplicated appeal, vacate the May 13, 2016, order as being in violation of 28 U.S.C. § 144, order the Appellant's chosen counsel admitted *pro hac vice*, order the Appellant's motion for intervention granted.

Pursuant to 28 U.S.C. § 144, all of the orders entered by Judge Snow must be vacated. Judge Snow was obligated to suspend all activity in the case and allow a different federal judge to examine and decide the question of the *prima facie* case

---

[1] Intervenor Dennis L. Montgomery's Motion to Disqualify Judge G. Murray Snow Under 28 U.S.C. § 144 Motion for Recusal, May 7, 2015 (Docs. # 1067, 1058); ER552,541.

[2] *Id.*

of a conflict of interest in violation of ethics rules.  In violation of 28 U.S.C. § 144,

Judge Snow continued to act and to enter orders in defiance of the statute and even

the prior orders of this Court.

Dated:  May 24, 2016                    Respectfully submitted,

                                        /s/ *Larry Klayman*
                                        Larry Klayman, Esq.
                                        Freedom Watch, Inc.
                                        D.C. Bar No. 334581
                                        2020 Pennsylvania Avenue N.W., Suite 345
                                        Washington, DC 20006
                                        Telephone: (310) 595-0800
                                        Email: leklayman@gmail.com

## CERTIFICATE OF SERVICE

        I hereby certify that on May 24, 2016, I electronically filed the foregoing
reply with the Clerk of the Court for the U.S. Court of Appeals for the Ninth
Circuit by using the Ninth Circuit's CM/ECF system, causing it to be served upon
the following counsel of record in the case through CM/ECF:

                        Stanley Young, Esq.
                        Andrew Carl Byrnes, Esq.
                        333 Twin Dolphin Road
                        Redwood Shores, CA 94065
                        syoung@cov.com
                        650-632-4700
                        Attorneys for Plaintiffs
                        (Service via Email)

                        Daniel Pochoda, Esq.
                        ACLU FOUNDATION OF ARIZONA
                        3707 N.  7th Street, Suite 235
                        Phoenix, AZ 85014
                        dpochoda@acluaz.org
                        602-650-1854
                        Attorney for Plaintiffs

(Service via Email)

Cecilia D. Wang
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
cwang@aclu.org
415-343-0775
Attorney for Plaintiff Melendres
(Service via Email)

Thomas P. Liddy, Esq.
CIVIL SERVICES DIVISION
MARICOPA COUNTY ATTORNEY'S OFFICE
222 North Central Avenue, Suite 1100
Phoenix, AZ 85005
liddyt@mcao.maricopa.gov
602-506-8541
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Michele M. Iafrate, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, AZ 85003
miafrate@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Deborah L. Garner, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, AZ 85003
dgarner@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County

Sheriff's Office
(Service via Email)

Mr. John Masterson
Mr. Justin M. Ackerman
Mr. Joseph J. Popolizio
JONES SKELTON & HOCHULI, PLC
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012-2728
Telephone: 602-263-1700
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
Attorney for Defendant Sheriff Joseph Arpaio
(Service via Email)

Andre Segura, Esq.
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Fl.
New York, NY 10004
asegura@aclu.org
212-549-2676
Attorney for Plaintiffs
(Service via Email)

Anne Lai
UCI School of Law
401 E. Peltason Drive. Suite 3500
Irvine, CA 92616
alai@law.uci.edu
949-824-9894
(Service via Email)

Jorge M. Castillo
MALDEF
634 S. Spring Street, 11th Fl.
Los Angeles, CA 90014
jcastillo@maldef.org
213-629-2512

Attorney for Plaintiffs
(Service via Email)

Richard K.  Walker
WALKER & PESKIND, PLLC
16100 N.  71st Street, Suite 140
Scottsdale, AZ 85254-2236
rkw@azlawpartner.com
480-483-6336
Attorney for Defendant Maricopa County
(Service via Email)

/s/ *Larry Klayman*
Larry Klayman, Esq.
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Avenue N.W., Suite 345
Washington, DC 20006
Telephone: (310) 595-0800
Email: leklayman@gmail.com