CASE NOS. 15-16626 and 15-16440 (Consolidated)

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MANUEL de JESUS ORTEGA MELENDRES,
*et al.*, Plaintiffs – Appellees,

v.

JOSEPH M. ARPAIO, Sheriff of Maricopa County,
Arizona; *et al.*, Defendants – Appellees,

and

DENNIS L. MONTGOMERY, Appellant - Putative Intervenor

From the United States District Court For the District of Arizona
The Honorable G. Murray Snow, Presiding
Case No. CV-07-2513

**Emergency Motion Under Circuit Rule 27-3**

**APPELLANT'S SUPPLEMENTAL AUTHORITY
TO APPELLANT'S EXPEDITED APPEAL**

Larry Klayman, Esq.
FREEDOM WATCH, INC.
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

Attorney for Appellant - Putative Intervenor Dennis L. Montgomery

## APPELLANT'S SUPPLEMENTAL AUTHORITY
## TO APPELLANT'S EXPEDITED APPEAL

Appellant Dennis L. Montgomery ("Montgomery"), by counsel, hereby submits the attached supplemental authority and information which has come into existence only a few days ago, on Friday, May 27, 2016, in the trial court below, in Case CV 07-02513-PHX-GMS.

As context, the U.S. District Court for the District of Arizona ("District Court") issued a May 13, 2016, "Findings of Fact – And – Order Setting a Hearing for May 31, 2016," (162 pages long) to consider and order civil and criminal contempt proceedings based on show cause proceedings of contempt.

The Appellant Dennis Montgomery renewed his request here in the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") – based upon these recent developments – for expedited appeal of his request to have his attorney appear *pro hac vice* in the District Court to protect his constitutional, civil, and legal rights as well as his property interests and intellectual property rights and to address the attempts by the Plaintiffs below to embroil him in criminal allegations against Sheriff Joseph Arpaio ("Sheriff Arpaio") and others, while also silencing him.

Only on Friday, triggered by the Honorable G. Murray Snow's May 13, 2016, order in the District Court, the Plaintiffs below filed their brief on what relief they are requesting from the May 31, 2016, hearing (and possibly thereafter).

Attached as Exhibit A hereto is a newspaper article summarizing the developments, Stephen Lemons "ACLU Says Charge Arpaio Criminally, Fine Him $300,000," Phoenix New Times, May 27, 2016. Judge Snow has depended heavily upon following the reporting of the Phoenix New Times as the basis for these post-judgment proceedings in the case.

Attached as Exhibit B hereto is the May 27, 2016, "Plaintiffs' Memorandum on Remedies for Civil Contempt Pursuant to the Court's Order of May 13, 2016."

Also, attached as Exhibit C hereto is the May 27, 2016, brief of the Intervenor [1] "United States of America's United States Memorandum in Response to Findings of Fact and Order Setting a Hearing for May 31, 2016."

The vast majority of Judge Snow's 162 page findings of fact and the briefs concern management re-organization of MCSO, which lead in the brief.

However, down in Section VII, starting on page 28, "Inadequacy of Remedies for Civil Contempt and Future Remedies," the Appellees-Plaintiffs renew their attempt to bring about criminal prosecutions:

> In addition, the Court has found that Sheriff Arpaio and Chief Deputy Sheridan "made multiple intentional misstatements of fact while under oath" in the contempt hearing, Contempt Findings at 3, ¶ 326; that Sheridan made intentionally false statements to the Monitor about two different subjects, id. ¶¶ 229-30; and that Sheridan, Captain Bailey, and defense counsel Michele Iafrate

---

[1] The United States intervened only late in the proceedings in August 2015 (the case was filed in 2007), and has not played a significant role as of yet.

>made or caused a deceptive statement to the Monitor in violation of a court order, *id.* ¶ 348.
>
>Under these circumstances, and in light of the Court's specific findings that the contemnors willfully violated the Court's orders, a referral should be made to the United States Attorney, ***to investigate Sheriff Arpaio and Chief Deputy Sheridan for criminal contempt (18 U.S.C. §§ 401, 402) and possibly for other violations of federal law including perjury (18 U.S.C. § 1621), obstruction of justice (18 U.S.C. § 1509), and making of false statements to the Court-appointed Monitor (18 U.S.C. § 1001).***

*Id.* at pages 28-29 (emphasis added).

The United States in its brief in Exhibit C similarly makes erroneous claims starting on page 10:

>And in testifying about their roles directing the Seattle investigation—itself a probe into a conspiracy theory involving the Court—Sheriff Arpaio and Chief Deputy Sheridan both, while under oath, made "deliberate misstatements of fact . . . in bad faith." (*Id.* ¶ 378 (Arpaio); ¶ 385 (Sheridan); …

*Id.* The "Seattle investigation" is Judge Snow's reference to Dennis Montgomery's work for MCSO and MCSO's "Cold Case Posse."

Intervenor the United States makes further reckless claims:

>"The Defendants have engaged in multiple acts of misconduct, dishonesty, and bad faith with respect to the Plaintiff class and the protection of its rights." (*Id.* at 3; *see, e.g.*, *id.* … ¶ 378 (Sheriff Arpaio's testimony that he was unaware of any MCSO investigation initiated against the Court was deliberate misstatement of fact made in bad faith); ¶ 385 (Chief Deputy Sheridan's testimony

4

> concerning the Montgomery investigation made in bad faith); …"

*Id.* at page 11.

As a result of these allegations, there is a strong likelihood that efforts to encourage prosecution of Sheriff Arpaio and Chief Deputy Sheridan could spill over into groundless prosecution of Dennis Montgomery or his testimony.

Montgomery has a Sixth Amendment constitutional right to counsel which must be honored and respected by this Court and the District Court. These proceedings clearly not only permit but compel Montgomery, however unwillingly, to intervene in order to address the deprivation of his Fifth Amendment due process rights and Sixth Amendment rights to counsel.

Therefore, the Appellant has an immediate need to have his choice of attorney admitted into the District Court *pro hac vice*, his motion to intervene granted (when he has essentially been mugged from a distance already), and a ruling upon his statutory claim under 28 U.S.C. § 144 for disqualification of the lower court judge, the Honorable Murray Snow

Dated:  May 30, 2016              Respectfully submitted,

                                          /s/ *Larry Klayman*
                                         Larry Klayman, Esq.
                                         General Counsel
                                         Freedom Watch, Inc.
                                         D.C. Bar No. 334581
                                         2020 Pennsylvania Avenue NW, Suite 345
                                         Washington, DC 20006

Telephone: (310) 595-0800
Email: leklayman@gmail.com
Admitted in the Ninth Circuit

# CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2016, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit and upon all parties appearing in the case by counsel by using the Ninth Circuit's CM/ECF system.

/s/ *Larry Klayman*
Larry Klayman, Esq.
General Counsel
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Avenue N.W., Suite 345
Washington, DC 20006
Telephone: (310) 595-0800
Email: leklayman@gmail.com